.Michael D. Seplow, SBN 150183
*mseplow@sshhzlaw.com*
Aidan C. McGlaze, SBN 277270
*amcglaze@sshhzlaw.com*
Kristina A. Harootun, SBN 308718
*kharootun@sshhzlaw.com*
**SCHONBRUN SEPLOW HARRIS
HOFFMAN & ZELDES LLP**
11543 West Olympic Blvd.
Los Angeles, CA 90064
Telephone:   (310) 396-0731
Fax:            (310) 399-7040

Dale K. Galipo, SBN 144074
dalekgalipo@yahoo.com
**LAW OFFICES OF DALE K. GALIPO**
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiffs.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO GONZALEZ; CATALINA PEREZ GONZALEZ; and EVELYN Y. GONZALEZ, individually and as successor in interest of JOSE JAVIER GONZALEZ, deceased,<br><br>          Plaintiffs,<br><br>     vs.<br><br>COUNTY OF SAN BERNARDINO; JOSE ARMANDO GONZALEZ; and DOES 1-10,<br><br>          Defendants.<br><br>_____ | Case No. 5:20-cv-1363<br><br>**COMPLAINT FOR DAMAGES**<br>**1. Unreasonable Use of Deadly Force (42 U.S.C. § 1983)**<br>**2. Interference with Parent-Child Relationship (42 U.S.C. § 1983)**<br>**3. Violation of Americans with Disabilities Act (42 U.S.C. § 12132)**<br>**4. Denial of Medical Care (42 U.S.C. § 1983)**<br>**5. Wrongful Death (Cal. Code of Civil Procedure § 377.60)**<br>**6. Bane Act (Cal. Civil Code § 52.1)**<br>**7. Battery**<br>**8. Negligence**<br>**9. Ralph Act (Civil Code § 51.7)**<br>**DEMAND FOR JURY TRIAL** |

The above-named Plaintiffs, individually and as heirs and/or successors in interest to decedent, Jose Javier Gonzalez, allege the following upon information and belief:

## INTRODUCTION

1.    This case arises from the unjustified shooting and killing of Jose Javier Gonzalez, a 52-year-old man, or about July 16, 2019, by employees of the County of San Bernardino Sheriff's Department.  At the time he was shot and killed, Mr. Gonzalez, who had a history of mental illness, did not pose an imminent threat to anyone, as he was surrounded by law enforcement personnel who could and should have taken him into custody without using deadly force.

## JURISDICTION AND VENUE

2.    This case arises under 42 U.S.C. § 1983 and California law.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This Court has subject matter jurisdiction over Plaintiffs' supplemental state law claims pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (e) in that the unlawful actions challenged herein occurred in the Central District and Defendants reside in the Central District.

## PARTIES

4.    Plaintiffs bring this action individually and as heirs and/or successors in interest to their son and father, Jose Javier Gonzalez, who died intestate. Plaintiffs assert all survival claims and rights under California law that survive Mr. Gonzalez's death pursuant to California Code of Civil Procedure ("CCP")  §§ 377.20 *et seq.*; all wrongful death claims pursuant to CCP §§ 377.60 *et seq.*; and any survival and individual claims they may bring under 42 U.S.C. § 1983 and federal law.

5.    Plaintiffs Mario Gonzalez and Catalina Perez Gonzalez are the parents of the decedent Jose Javier Gonzalez.  Mr. Gonzalez lived with his parents, who

1

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

were dependent upon their son for financial and material support and relied on his support for the necessities of life.  Moreover, Mr. Gonzalez regularly took his parents shopping, picked up their medications, and provided similar caretaking and domestic assistance at home.  Because of their dependence on their son, Plaintiffs Mario Gonzalez and Catalina Perez Gonzalez are the heirs of their deceased son pursuant to CCP Section 377.60 and can maintain an action for the wrongful death of their son.

6.    Plaintiff Evelyn Y. Gonzalez is the daughter of the decedent Jose Javier Gonzalez.  As such she is both an heir of the decedent pursuant to CCP Section 377.60 and the decedent's successor in interest pursuant to CCP Section 377.11.

7.    Jose Armando Gonzalez is the son of the decedent Jose Javier Gonzalez.  As of the time of the filing of this complaint, Plaintiffs have not obtained the consent of Jose Armando Gonzalez to join this action as a plaintiff and therefore he is named as a nominal defendant pursuant to CCP Section 382 in that as an heir of the decedent he is an indispensable party.

8.    Plaintiffs are informed and believe and based thereon allege that at all relevant times Defendant County of San Bernardino ("County") was a municipality duly organized under the laws of the State of California.  Liability under California law for Defendant County and its employees, including the individually and fictitiously named defendants, is based in whole or in part upon the following statutes, among others: California Government Code §§ 815.2 and 820; Penal Code §§ 149, 240, and/or 242; and/or Civil Code §§ 43, 51, 51.7, 52.1,1708 and/or 1714.  Liability under federal law for all government-entity employees is based upon 42 U.S.C. § 1983.  Defendant County is also liable under federal law pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 12132.

9.    At all relevant times, Defendant Does 1-10 were members of the County of San Bernardino Sheriff's Department ("SBSD"), a departmental branch

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

of Defendant County, (or were otherwise employed as peace officers) and were duly authorized employees of the County, acting under color of law within the course and scope of their respective duties as SBSD peace officers and sheriff's deputies and with the complete authority and ratification of Defendant County.

10.     The true names of Defendant Does 1-10 are unknown to Plaintiffs, who will seek leave to amend this Complaint to show the true names and capacities of these Defendants when they have been ascertained.  Each of the fictitiously named Defendants is responsible for some part of the conduct and liabilities alleged herein.  Each Doe Defendant is being sued in both his individual and official capacities.

11.     Plaintiffs are informed and believe and based thereon allege that each Defendant is, and at all times mentioned was, the agent, employee, representative, successor and/or assignee of each other Defendant.  Each Defendant, in doing the acts, or in omitting to act as alleged in this Complaint, was acting within the scope of his or her actual or apparent authority or the alleged acts and omissions of each Defendant as agent subsequently were ratified and adopted by each other Defendant as principal.

12.     All non-municipal, individual defendants are sued in both their individual and official capacities.  All non-municipal, individual defendants acted or failed to act in the face of an obligation to do otherwise, and did so maliciously and/or with reckless disregard for Plaintiffs' rights and thus are liable for compensatory and punitive damages.

13.     Plaintiffs are informed and believe and based thereon allege that in committing the acts alleged in this complaint the individual Defendants acted knowingly, maliciously, and with reckless or callous disregard for the constitutional rights of Plaintiffs and Mr. Gonzalez, justifying an award of punitive damages under federal and California law against each individual Defendant.

3

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

14.    Plaintiffs timely filed a government claim with the County of San Bernardino, which was denied on January 13, 2020, and have filed this action within six months of the County's denial of their claim.  Accordingly, Plaintiffs have complied with the requirements of the California Government Claims Act.

## STATEMENT OF FACTS

15.    On or about July 16, 2019, at approximately 8:00 p.m., Jose Javier Gonzalez was fatally shot multiple times by one or more employees of the SBSD whose identities are presently unknown to Plaintiffs.  Mr. Gonzalez was pronounced dead at approximately 12:30 a.m. on July 17, 2019.

16.    Plaintiffs are informed and believe and thereon allege that the use of deadly force against Mr. Gonzalez was unreasonable and excessive in that, at the time he was shot and killed, Mr. Gonzalez was surrounded by law enforcement personnel and did not pose an immediate risk of death or serious injury to anyone. Plaintiffs are further informed and believe and thereon allege that prior to being shot and killed, deputies or other peace officers from the SBSD used tasers and/or other so called less lethal weapons against Mr. Gonzalez, which also constituted unreasonable and excessive force. The use of tasers and other similar weapons on a person who was clearly mentally disabled was unreasonable and improper and caused the situation to escalate.

17.    Plaintiffs are informed and believe and thereon that employees of the County of San Bernardino used negligent and improper tactics during their interaction with the decedent which were a direct and proximate cause of his death.

18.    Plaintiffs are informed and believe that Jose Javier Gonzalez was mentally disabled and/or experiencing a mental health crisis resulting in mental disability on July 16, 2019, and that the officers who responded failed to make reasonable accommodations for his obvious mental disability and used excessive force against him based on his disability.  Plaintiffs are further informed and believe and thereon allege that the SBSD employees on the scene failed to provide

4

prompt medical intervention to Mr. Gonzalez, which was a further proximate cause of his injuries and death.

19.    Plaintiffs are informed and believe that the employees involved in the shooting were negligently trained, retained, and/or supervised by the Sheriff and/or other employees of the County Sheriff's Department and that as a result of this deficient training and supervision, they failed to use proper tactics in using force and in responding to a person with mental disabilities.

### *MONELL* ALLEGATIONS

20.    Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), Defendant County is liable for all injuries sustained by Plaintiffs as set forth herein.  Defendant County bears liability because its policies, practices and/or customers were a cause of Mr. Gonzalez's death and Plaintiffs' injuries, and/or because Defendant County ratified the unlawful actions of its employees that caused Mr. Gonzalez's death.  The County and its officials maintained or permitted one or more of the following policies, customs or practices:

    a.  Failure to provide adequate training and supervision to police officers with respect to constitutional limits on the use of deadly force;

    b.  Failure to provide adequate training and supervision to police officers with respect to constitutional limits on use of force, arrest, search, and detention – particularly, but not exclusively when interacting with citizens clearly displaying signs of a mental episode, mental disability, mental illness and/or mental instability;

    c.  Failure to provide adequate training and supervision to police officers with respect to constitutional limits on the use of tasers and other so called "less lethal" weapons;

    d.  Failure to provide adequate training and supervision on how to respond properly to suspects in possession of knives or similar objects;

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

e. Failure to provide adequate training and supervision on how to deescalate situations involving persons suffering from emotional or mental disturbances and/or persons under the influence;

f. Failure to provide adequate training and supervision on how to identify signs of mental illness or disabilities in suspects and how to respond to such persons without escalating the level of potential violence;

g. Failure to adequately discipline or retrain officers involved in misconduct;

h. Selection, retention, and assignation of officers with demonstrable propensities for excessive force, violence, dishonesty, and other misconduct;

i. Condonation and encouragement of officers in the belief that they can violate the rights of persons, such as Plaintiffs or their decedent, with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits;

j. Ratification by the highest levels of authority of the specific unconstitutional acts alleged in this Complaint and, in particular, the ratification of the unjustified shooting of Mr. Gonzalez.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF CIVIL RIGHTS: UNREASONABLE USE OF FORCE- FOURTH & FOURTEENTH AMENDMENTS (42 U.S.C. § 1983)

**(Against All Defendants except Jose Armando Gonzalez by Plaintiff Evelyn Gonzalez in her Capacity as Successor in Interest of Decedent Jose Javier Gonzalez)**

21.    Plaintiffs repeat and reallege each and every allegation in preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

22.    Defendants' use of force, including the use of tasers, other similar

6

weapons and the use of deadly force, was both excessive and unreasonable under the circumstances.  Defendants' use of excessive force and their unjustified shooting and killing of Mr. Gonzalez deprived him of his rights under the Fourth and Fourteenth Amendments to be free from unreasonable searches and seizures.[1]  Plaintiff as Mr. Gonzalez's successors in interest, has the right and standing to assert Mr. Gonzalez's claim for this violation of his Fourth and Fourteenth Amendment rights.

23.    As a result of their conduct, Defendants are liable for Mr. Gonzalez's injuries and death and the resulting damage to Plaintiff in her capacity as Mr. Gonzalez's successor in interest.  Defendants are liable either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.  Defendant County is liable pursuant to *Monell* because it maintained, condoned and/or permitted a policy, custom and/or practice of conscious disregard of and reckless indifference to Constitutional rights which was a moving force in the violation of Mr. Gonzalez's rights and because it ratified the actions of its employees by finding that their actions leading to the death of Mr. Gonzalez were in conformity with the SBSD's policy and by failing to discipline the involved deputies and employees.  As a direct and legal result of Defendants' acts and omissions, including the use of unreasonable deadly force, Mr. Gonzalez suffered damages, including, pre-death pain and suffering, loss of his life, loss of enjoyment of life, and loss of earning capacity and loss of his relationship with his children, parents, friends, and family.

24.    Plaintiff is informed and believes and thereon alleges that the acts of the Defendants Does 1-10 were willful, malicious, intentional, reckless and/or were

---

[1] The guarantee against unreasonable searches and seizures contained in the Fourth Amendment has been made applicable to the state and local government by reason of the Due Process Clause of the Fourteenth Amendment.  *See Monroe v Pape*, 365 U.S. 167, 171 (1961).

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

performed in willful and conscious disregard of Mr. Gonzalez's rights, justifying the awarding of punitive and exemplary damages against the individual Defendants in an amount to be determined at the time of trial.

25.    Plaintiff brings this claim as successor in interest to Mr. Gonzalez, and seeks both all damages available under federal law, including survival damages, including pre-death pain and suffering and loss of enjoyment of life and loss of life, for the above-described violations of Mr. Gonzalez's constitutional rights.

26.    Plaintiff seeks attorney fees under this claim pursuant to 42 U.S.C. Section 1988.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF CIVIL RIGHTS: INTERFERENCE WITH FAMILIAL RELATIONSHIP (42 U.S.C. § 1983)
**(Against All Defendants except Jose Armando Gonzalez
by Plaintiffs in Their Individual Capacities)**

27.    Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

28.    By wrongfully shooting and killing Mr. Gonzalez, Defendants deprived Plaintiffs of their Fourteenth Amendment right of familial relationship with Mr. Gonzalez.

29.    Plaintiffs allege that the Defendants Does 1-10 acted intentionally, recklessly and/or with deliberate indifference in their actions causing the death of Mr. Gonzalez and that they engaged in conduct which shocks the conscience and are therefore individually liable under Section 1983.

30.    As a result of their conduct, Defendants are liable for Mr. Gonzalez's injuries.  The individual Defendants are liable either because they were integral participants in the interference with the parent-child relationship, or because they

failed to intervene to prevent these violations.  Defendant County is liable pursuant to *Monell* because it maintained, condoned and/or permitted a policy, custom and/or practice of conscious disregard of and reckless indifference to Constitutional rights which was a moving force in the violation of Mr. Gonzalez's rights, and/or because Defendant County ratified the actions of the individual Defendants by finding that their actions leading to the death of Mr. Gonzalez were in conformity with the SBSD's policy and by failing to discipline the involved officers.  As a result of Defendants' actions, Plaintiffs were deprived of the life-long love, companionship, support, society, care, and sustenance of Mr. Gonzalez, and they will continue to be so deprived for the remainder of their lives.

31.    As a direct and legal result of Defendants' acts and omissions, Plaintiffs suffered damages, including, without limitation, emotional distress; funeral and burial expenses and other pecuniary losses; as well as the loss of Mr. Gonzalez's love, affection, society, support and companionship.

32.    Plaintiffs are informed and believe and thereon allege that the acts of the Defendants Does 1-10 were willful, malicious, intentional, reckless and/or were performed in willful and conscious disregard of Mr. Gonzalez's rights, justifying the awarding of punitive and exemplary damages against the individual Defendants in an amount to be determined at the time of trial.

33.    Plaintiffs bring this claim in their individual capacity and seek all damages and other remedies available to them under federal law.

34.    Plaintiffs seek attorney fees under this claim pursuant to 42 U.S.C. Section 1988.

### THIRD CLAIM FOR RELIEF

### DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12132)

**(Against All Defendants except Jose Armando Gonzalez)**

35.    Plaintiffs repeat and reallege each and every allegation in the

9

preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

36.     At and around the time of the shooting, Jose Javier Gonzalez was suffering from a "disability" within the meaning and scope of 42 U.S.C. § 12102, as his mental illness and/or mental health crisis substantially limited his ability to participate and engage in major life activities.  Accordingly, Mr. Gonzalez was a member of the class of persons protected by 42 U.S.C. § 12132, which makes it unlawful for a public entity to discriminate against an individual with a disability or to deny the benefits of the services, programs or activities of a public entity to a person with a disability.

37.     Defendant County of San Bernardino is a public entity within the meaning of 42 U.S.C. § 12131.  Accordingly, public entities are required to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability."  28 C.F.R. § 35.130(b)(7).

38.     As alleged herein, Defendants Does 1-10, acting in the course and scope of their employment as peace officers and deputies for the County, discriminated against Mr. Gonzalez by, among other things, their failure to provide reasonable accommodations for his disability during their encounter with Mr. Gonzalez on July 16, 2019.  In addition, Defendant County is vicariously liable for the acts and omissions of its employees, including Defendant Does 1-10.

39.     Moreover, Defendant County failed to train, supervise, and/or discipline its employees and deputies in recognizing symptoms of disability under Title II of the Americans with Disabilities Act, thereby excluding qualified individuals, such as Mr. Gonzalez, from participating in or denying benefits and services provided by Defendant County, including peace officers' interactions with and arrests of persons; or otherwise discriminating against such qualified individuals with symptoms of disability recognized under Title II of the Americans

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

with Disabilities Act, resulting in the untimely death of Mr. Gonzalez.

40.    At the time of the incident, deputies, peace officers and employees the County of San Bernardino Sheriff's Department knew or should have known Mr. Gonzalez was experiencing a mental health crisis resulting in disability.  Further, the deputies involved in this incident were aware, or should have been aware, of Mr. Gonzalez's disability and the symptoms and manifestations of his disability, and yet they improperly engaged with Mr. Gonzalez, further exacerbating his mental health crisis and creating an unnecessary altercation with Mr. Gonzalez.  In addition, these employees of the SBSD failed to provide reasonable accommodations during their encounter with Mr. Gonzalez by failing to: establish and/or utilize inter-departmental protocols when evaluating whether he, as a mental health suspect, was a danger to himself or others; follow inter-departmental and industry-wide accepted protocols when encountering mentally unstable suspects; and utilize inter-departmental protocols that were specifically created to inform officers how to handle encounters with mentally-ill persons.

41.    The aforementioned conduct of these SBSD employee, in failing to make reasonable accommodations for Mr. Gonzalez, denied him the benefits of Defendant County's programs and activities, and/or discriminated against Mr. Gonzalez by reason of his recognized disability.

42.    By the aforesaid acts and omissions of Defendants, Plaintiffs, individually and/or as the decedent's successor in interest,  have been directly and legally caused to suffer actual damages in the amount of past, present and/or future wage loss, income and support, medical expenses, pain and suffering, emotional distress, loss of life and the enjoyment of life, and other pecuniary loss.

43.    As a result of Defendants' conduct as alleged herein, Plaintiffs are entitled to compensatory and reasonable attorneys' fees, as well as all statutory damages provided for by the Americans with Disabilities Act.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## **FOURTH CLAIM FOR RELIEF**

### **DENIAL OF MEDICAL CARE**

### **(42 U.S.C. §1983)**

### **(Against All Defendants except Jose Armando Gonzalez)**

44.     Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

45.     Plaintiffs are informed and believe and thereon allege that after Mr. Gonzalez was shot, SBSD employees on the scene, including the Doe Defendants, failed to provide and or summon immediate medical care.  The denial of medical care deprived Mr. Gonzalez of his right to be secure in his person against unreasonable searches and seizures as guaranteed under the Fourth Amendment to the United States Constitution and as well as his rights under the Fourteenth Amendment.

46.     As a direct and legal result of Defendants' acts and omissions, Mr. Gonzalez suffered damages, including, pre-death pain and suffering, loss of his life, loss of enjoyment of life, loss of earning capacity, and loss of his relationships with his children, parents, friends, and family.

47.     Plaintiffs are informed and believe and thereon allege that the acts of the Defendants Does 1-10 were willful, malicious, intentional, reckless and/or were done in willful and conscious disregard of Mr. Gonzalez's rights, justifying the awarding of punitive and exemplary damages against the individual Defendants in an amount to be determined at the time of trial.

48.     Plaintiffs bring this claim as successors in interest to Mr. Gonzalez, and seek both all damages available under federal law, including survival damages, including pre-death pain and suffering and loss of enjoyment of life and loss of life, for the above-described violations of Mr. Gonzalez's constitutional rights.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

49.    Plaintiffs seek attorney fees under this claim pursuant to 42 U.S.C. Section 1988.

## FIFTH CLAIM FOR RELIEF

## WRONGFUL DEATH (Cal. Code Civ. Proc. § 377.60)

**(Against All Defendants by Plaintiffs in Their Individual Capacities)**

50.    Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

51.    As the heirs of the decedent, Plaintiffs assert a wrongful death action against Defendants County of San Bernardino and Does 1-10 pursuant to CCP §§ 377.60 *et seq*. This claim is based upon the allegations that Defendants' negligent and wrongful acts and omissions, as alleged herein, were a direct and legal cause of Mr. Gonzalez's death and the resulting damages to Plaintiffs as alleged in Count 1 (battery) and Count 2 (negligence) below.

52.    As alleged herein, Plaintiffs are Mr. Gonzalez's heirs and have standing to sue for his wrongful death under CCP Section 377.60.

53.    Jose Armando Gonzalez, who is the decedent's son and heir, is being named as a nominal defendant for this wrongful death cause of action as Plaintiffs have not obtained his consent to join this action at the present time.

54.    As a direct and legal result of Defendants' acts and omissions as alleged herein, Plaintiffs suffered damages and are entitled to just compensation for said damages pursuant to CCP §§ 377.61, including, without limitation, damages for  funeral and burial expenses and other pecuniary losses; and damages for the loss of Mr. Gonzalez's love, affection, support, society, and companionship.

55.    Plaintiffs are informed and believe and thereon allege that the aforementioned acts of the individual Doe Defendants, and each of them, were willful, malicious, intentional, oppressive and despicable and/or were done in willful and conscious disregard of the rights, welfare and safety of Plaintiffs and/or

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

Mr. Gonzalez, thereby justifying the awarding of punitive and exemplary damages against the individual (non-government entity) defendants in an amount to be determined at time of trial.

### Wrongful Death, Count 1: Battery

56.     Unknown employees of the SBSD, while acting within the course and scope of their employment and duties, intentionally used excessive force against Mr. Gonzalez, including the use of tasers and deadly force.  The shooting and tasering were unreasonable uses of force against Mr. Gonzalez, to which he did not consent, and constituted a battery against him.

57.     The Doe Defendants who committed battery against Mr. Gonzalez are liable to Plaintiffs pursuant to Government Code Section 820 and CCP Section 377.60, among other statutes.  Moreover, Defendant County is liable to Plaintiffs pursuant to Government Code Section 815.2 and CCP Section 377.60, among other statutes, for the acts of its employees in committing battery against Mr. Gonzalez.

### Wrongful Death, Count 2: Negligence
### (including negligent training and supervision)

58.     Defendants owed a duty of care to Plaintiffs and Mr. Gonzalez, and were required to use reasonable diligence to ensure that Plaintiffs and Mr. Gonzalez were not harmed by Defendants' acts or omissions.  Defendants' actions and omissions were negligent and reckless, including but not limited to:

   a.  Defendants' failure to properly assess the need to use force, including tasers and/or deadly force against Mr. Gonzalez;

   b.  Defendants' failure to prevent the use of unreasonable force, including deadly force, against Mr. Gonzalez;

   c.  Defendants' negligent pre-shooting tactics, negligent tactics related to the use of force, and negligent handling of the situation with Mr. Gonzalez, including conduct that falls below the professional standard of care for

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

peace officer interactions with mentally ill and/or disabled persons, which unnecessarily escalated the situation and caused the death of Mr. Gonzalez;

d. Defendants' negligent and/or unreasonable uses of force, including tasers and deadly force, against Mr. Gonzalez;

e. Defendants' failure to provide and/or summon immediate medical care for Mr. Gonzalez;

f. The failure of supervisory employees of the County Sheriff's Department, to properly train, supervise and discipline employees, including Defendants Does 1-10, regarding the use of force, pre-shooting tactics, encounters with mentally disabled persons, recognizing persons with mental illness, and responding to suspects with knives; and

g. The negligent hiring, retention and assignment of the SBSD deputies and peace officers, including the employees involved in this incident, by supervisory employees of Defendant County including the Sheriff.

59. Unknown employees of the SBSD, while acting within the course and scope of their employment and duties, failed to use proper pre-shooting and use of force-related police tactics in dealing with Mr. Gonzalez. Consequently, Plaintiffs allege that their negligent acts and omissions were a direct cause of Mr. Gonzalez's death.

60. The Doe Defendants whose negligent acts and omissions were a proximate cause of Mr. Gonzalez's death are liable to Plaintiffs pursuant to Government Code Section 820 and CCP Section 377.60, among other statutes. Moreover, Defendant County is liable to Plaintiffs pursuant to Government Code Section 815.2 and CCP Section 377.60, among other statutes, for the negligent acts and omissions of its employees, which were a direct and proximate cause of Mr. Gonzalez's death.

61. Further, Defendant County is also vicariously liable for the acts and

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

omissions of its supervisory employees based on their negligent failure to properly train and supervise the employees involved in this incident as alleged herein pursuant to California Government Code Section 815.2 and other statutes.

## SIXTH CLAIM FOR RELIEF

## BANE ACT (Cal. Civ. Code § 52.1)

### (Against All Defendants except Jose Armando Gonzalez)

62.     Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

63.     As alleged herein, Defendants intentionally interfered by threats, intimidation, and/or coercion with Mr. Gonzalez's exercise and enjoyment of rights under federal and state law and under the federal and state constitutions (including, without limitation, Amendment 4 of the U.S. Constitution; California Civil Code Section 43 and Penal Code Sections 149, 240, and 242; and Article I, Sections 1, 2, 7, 13, and 17 of the California Constitution), including, without limitation, the right to be free from any violence, the right to bodily integrity, the right of protection from bodily restraint or harm and harm to personal relations, the right to adequate medical care, the right to be free from excessive force by police, and the right be free from unreasonable searches and seizures and the right to due process.  Defendants acted intentionally and with reckless disregard for the rights of Mr. Gonzalez.

64.     As a direct and legal result of Defendants' acts and omissions, Plaintiffs, as Mr. Gonzalez' successors in interest and/or heirs, suffered damages and therefore seek all damages, including actual, compensatory and statutory damages, which are recoverable pursuant to Civil Code Section 52.1 and any other applicable statutes.

65.     Plaintiffs are informed and believe and thereon allege that the aforementioned acts of the individual Doe Defendants, and each of them, were

16

1  willful, malicious, intentional, oppressive and despicable and/or were done in

2  willful and conscious disregard of the rights, welfare and safety of Plaintiffs and/or

3  Mr. Gonzalez, thereby justifying the awarding of punitive and exemplary damages

4  against the individual (non-government entity) defendants in an amount to be

5  determined at time of trial.

6    66.    Plaintiffs seek an award of reasonable attorneys' fees pursuant to Civil

7  Code Section 52.1.

8  ### SEVENTH CLAIM FOR RELIEF

9  ### BATTERY

10  **(Against Defendants except Jose Armando Gonzalez**

11  **by Plaintiff Evelyn Gonzalez in Her Capacity as Successor in Interest of**

12  **Decedent Jose Javier Gonzalez)**

13    67.    Plaintiffs repeat and reallege each and every allegation in in the

14  preceding paragraphs, of this Complaint with the same force and effect as if fully

15  set forth herein.

16    68.    Unknown employees of the SBSD, while acting within the course and

17  scope of their employment and duties, intentionally used excessive force against

18  Mr. Gonzalez, including the use of tasers and deadly force.  The shooting and

19  tasering were an unreasonable use of force against Mr. Gonzalez, to which he did

20  not consent, and constituted a battery against him.

21    69.    The Doe Defendants who committed battery against Mr. Gonzalez are

22  liable to Plaintiffs pursuant to Government Code Section 820 and CCP Sections

23  377.20 and 377.60, among other statutes.  Moreover, Defendant County is liable to

24  Plaintiffs pursuant to Government Code Section 815.2 and CCP Sections 377.20

25  377.60, among other statutes, for the acts of its employees in committing battery

26  against Mr. Gonzalez.[2]

27

28  [2] Plaintiffs bring the battery claim as both a survival claim (Seventh Claim for Relief) and as a wrongful death claim (Fifth Claim for Relief, Count I).

70.    Plaintiffs are informed and believe and thereon allege that the aforementioned acts of the individual Doe Defendants, and each of them, were willful, malicious, intentional, oppressive and despicable and/or were done in willful and conscious disregard of the rights, welfare and safety of Plaintiffs and/or Mr. Gonzalez, thereby justifying the awarding of punitive and exemplary damages against the individual (non-government entity) Defendants in an amount to be determined at time of trial.

## EIGHTH CLAIM FOR RELIEF

## NEGLIGENCE

**(Against Defendants except Jose Armando Gonzalez by**

**Plaintiff Evelyn Gonzalez in Her Capacity as Successor in Interest of**

**Decedent Jose Javier Gonzalez)**

71.    Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

72.    Defendants owed a duty of care to Plaintiffs and Mr. Gonzalez, and were required to use reasonable diligence to ensure that Plaintiffs and Mr. Gonzalez were not harmed by Defendants' acts or omissions.  Defendants' actions and omissions were negligent and reckless, including but not limited to:

a.  Defendants' failure to properly assess the need to use force, including tasers and/or deadly force against Mr. Gonzalez;

b.  Defendants' failure to prevent the use of unreasonable force, including deadly force, against Mr. Gonzalez;

c.  Defendants' negligent pre-shooting tactics, negligent tactics related to the use of force, and negligent handling of the situation with Mr. Gonzalez, including conduct that falls below the professional standard of care for peace officer interactions with mentally ill and/or disabled persons, which unnecessarily escalated the situation and caused the death of Mr.

18

1    Gonzalez;

2        d.  Defendants' negligent and/or unreasonable uses of force, including tasers

3           and deadly force, against Mr. Gonzalez;

4        e.  Defendants' failure to provide and/or summon immediate medical care

5           for Mr. Gonzalez;

6        f.  The failure of supervisory employees of the County Sheriff's

7           Department, to properly train, supervise and discipline employees,

8           including Defendants Does 1-10, regarding the use of force, pre-shooting

9           tactics, encounters with mentally disabled persons, recognizing persons

10          with mental illness, and responding to suspects with knives; and

11       g.  The negligent hiring, retention and assignment of the SBSD deputies and

12          peace officers, including the employees involved in this incident, by

13          supervisory employees of Defendant County including the Sheriff.

14       73.  Unknown employees of the SBSD, while acting within the course and

15   scope of their employment and duties, failed to use proper pre-shooting and use of

16   force-related police tactics in dealing with Mr. Gonzalez.  Consequently, Plaintiffs

17   allege that their negligent acts and omissions were a direct cause of Mr. Gonzalez's

18   death.

19       74.  The Doe Defendants whose negligent acts and omissions were a

20   proximate cause of Mr. Gonzalez's death are liable pursuant to Government Code

21   Section 820 among other statutes.  Moreover, Defendant County is liable pursuant

22   to Government Code Section 815.2, among other statutes, for the negligent acts

23   and omissions of its employees, which were a direct and proximate cause of Mr.

24   Gonzalez's death.[3]

25       75.  Further, Defendant County is also vicariously liable for the acts and

26   omissions of its supervisory employees based on their negligent failure to properly

27   _____

28   [3] Plaintiffs bring the negligence claim as both a survival claim (Eight Claim for
Relief) and as a wrongful death claim (Fifth Claim for Relief, Count II).

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  train and supervise the employees involved in this incident as alleged herein

2  pursuant to Government Code Section 815.2 and other statutes.

3  ### NINTH CLAIM FOR RELIEF

4  **VIOLATION OF CALIFORNIA CIVIL CODE § 51.7**

5  **(Against Defendants except Jose Armando Gonzalez**

6  **By Plaintiff Evelyn Gonzalez in Her Capacity as Successor in Interest**

7  **of Decedent Jose Javier Gonzalez)**

8  76.    Plaintiffs repeat and reallege each and every allegation in the

9  preceding paragraphs of this Complaint with the same force and effect as if fully

10  set forth herein.

11  77.    Plaintiffs are informed and believe and thereon allege that the acts

12  committed by Defendants against Jose Javier Gonzalez, were motivated by his

13  actual or perceived mental or emotional disabilities.  Therefore, Defendants

14  wrongfully deprived Plaintiffs and Plaintiffs' decedent of his right to be free from

15  any violence, or intimidation by threat of violence, committed against his person

16  because of his disability or other characteristics in violation of Cal. Civ. Code

17  Section 51.7.

18  78.    As a direct and legal result of the acts of Defendants, and each of

19  them, Plaintiffs have suffered damages, including, without limitation, loss of

20  earnings and earnings capacity, medical expenses and future medical expenses,

21  loss of enjoyment of life, pain and suffering and emotional distress, as well as

22  statutory damages under Cal. Civ. Code Section 52, compensatory damages,

23  penalties and attorneys' fees.

24  79.    Plaintiffs are informed and believe and thereon allege that these acts

25  of Defendants were willful, malicious, intentional, oppressive, reckless and/or were

26  done in willful and conscious disregard of the rights, welfare and safety of

27  Plaintiffs and/or Mr. Gonzalez, thereby justifying the awarding of punitive and

28  exemplary damages against the individual (non-governmental entity) Defendants

1    in an amount to be determined at time of trial.

2                              **PRAYER FOR RELIEF**

3           WHEREFORE, Plaintiffs request entry of judgment in their favor and

4    against Defendants as follows:

5           a.  For compensatory damages, including both survival damages (including

6               pre-death pain and suffering, loss of life and loss of enjoyment of life)

7               and wrongful death damages under federal and state law (including all

8               damages and penalties available pursuant to Civil Code Sections 51.7

9               and 52.1), reasonable costs of suit, and interest, in an amount to be

10              determined at trial;

11          b.  For punitive damages against the individual (non-government entity)

12              Defendants in an amount to be proven at trial;

13          c.  For all statutory and compensatory damages provided for by the

14              Americans with Disabilities Act and interest thereon;

15          d.  For attorneys' fees including attorneys' fees pursuant to the ADA for the

16              ADA claims, 42 U.S.C. Section 1988 for the federal constitutional

17              claims, Civil Code Section 52.1 for the Bane Act claim; and Code of

18              Civil Procedure Section 1021.5 for the state law claims.

19          e.  For such further relief as the Court may deem just, proper, and

20              appropriate.

21

22   DATED: July 8, 2020                    **SCHONBRUN SEPLOW HARRIS**
                                            **HOFFMAN & ZELDES LLP**
23
                                            **LAW OFFICES OF DALE K. GALIPO**
24

25                                          By____*/s/ Michael D. Seplow*_____

26                                               Michael D. Seplow
                                                 Aidan C. McGlaze
27                                               Kristina A. Harootun
                                                 *Attorneys for Plaintiffs.*
28

                                        21
                   COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby respectfully demand that a trial by jury be conducted with respect to all issues presented herein.

DATED: July 8, 2020    **SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES LLP**

**LAW OFFICES OF DALE K. GALIPO**

By   */s/ Michael D. Seplow*
    Michael D. Seplow
    Aidan C. McGlaze
    Kristina A. Harootun
    *Attorneys for Plaintiffs.*

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL