1  Michael D. Seplow, SBN 150183
   *mseplow@sshhzlaw.com*
2  Aidan C. McGlaze, SBN 277270
   *amcglaze@sshhzlaw.com*
3  Kristina A. Harootun, SBN 308718
   *kharootun@sshhzlaw.com*
4  **SCHONBRUN SEPLOW HARRIS**
   **HOFFMAN & ZELDES LLP**
5  11543 West Olympic Blvd.
6  Los Angeles, CA 90064
   Telephone:  (310) 396-0731
7  Fax:          (310) 399-7040

8  Dale K. Galipo, SBN 144074
   *dalekgalipo@yahoo.com*
9  **LAW OFFICES OF DALE K. GALIPO**
10 21800 Burbank Boulevard, Suite 310
   Woodland Hills, CA 91367
11 Telephone: (818) 347-3333
   Fax: (818) 347-4118
12
13 *Attorneys for Plaintiffs.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

15 MARIO GONZALEZ; CATALINA        ) Case No. 5:20-cv-1363 JGB-SP
   PEREZ GONZALEZ; EVELYN Y.       )
16 GONZALEZ; JOSE ARMANDO          )
   GONZALEZ individually and as    ) **FIRST AMENDED COMPLAINT**
17 successors in interest of JOSE JAVIER ) **FOR DAMAGES**
18 GONZALEZ, deceased,             ) **1.  Unreasonable Use of Deadly Force**
                                   )     **(42 U.S.C. § 1983)**
19                                 ) **2.  Interference with Parent-Child**
              Plaintiffs,          )     **Relationship (42 U.S.C. § 1983)**
20                                 ) **3.  Violation of Americans with**
          vs.                      )     **Disabilities Act (42 U.S.C. §**
21                                 )     **12132)**
22 COUNTY OF SAN                   ) **4.  Denial of Medical Care (42 U.S.C.**
   BERNARDINO; JUAN FRIES;         )     **§ 1983)**
23 FERNANDO FIGUEROA; and          ) **5.  Wrongful Death (Cal. Code of**
   DOES 3-10,                      )     **Civil Procedure § 377.60)**
24              Defendants.        ) **6.  Bane Act (Cal. Civil Code § 52.1)**
25                                 ) **7.  Battery**
                                   ) **8.  Negligence**
26                                 )
   _____ ) **DEMAND FOR JURY TRIAL**
27                                 )
28

---

FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

The above-named Plaintiffs, individually and as heirs and/or successors in interest to decedent, Jose Javier Gonzalez, allege the following upon information and belief:

## INTRODUCTION

1.      This case arises from the unjustified shooting and killing of Jose Javier Gonzalez, a 52-year-old man, or about July 16, 2019, by deputies of the County of San Bernardino Sheriff's Department, including Defendants Juan Fries and Fernando Figueroa.  At the time he was shot and killed, Mr. Gonzalez, who had a history of mental illness, did not pose an imminent threat to anyone, as he was surrounded by law enforcement personnel who could and should have taken him into custody without using deadly force.

## JURISDICTION AND VENUE

2.      This case arises under 42 U.S.C. § 1983 and California law.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This Court has subject matter jurisdiction over Plaintiffs' supplemental state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (e) in that the unlawful actions challenged herein occurred in the Central District and Defendants reside in the Central District.

## PARTIES

4.      Plaintiffs bring this action individually and as heirs and/or successors in interest to their son and father, Jose Javier Gonzalez, who died intestate. Plaintiffs assert all survival claims and rights under California law that survive Mr. Gonzalez's death pursuant to California Code of Civil Procedure ("CCP")  §§ 377.20 *et seq.*; all wrongful death claims pursuant to CCP §§ 377.60 *et seq.*; and any survival and individual claims they may bring under 42 U.S.C. § 1983 and federal law.

FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

5.      Plaintiffs Mario Gonzalez and Catalina Perez Gonzalez are the parents of the decedent Jose Javier Gonzalez.  Mr. Gonzalez lived with his parents, who were dependent upon their son for financial and material support and relied on his support for the necessities of life.  Moreover, Mr. Gonzalez regularly took his parents shopping, picked up their medications, and provided similar caretaking and domestic assistance at home.  Because of their dependence on their son, Plaintiffs Mario Gonzalez and Catalina Perez Gonzalez are the heirs of their deceased son pursuant to CCP Section 377.60(b) and can maintain an action for the wrongful death of their son.

6.      Plaintiff Evelyn Y. Gonzalez is the daughter of the decedent Jose Javier Gonzalez.  As such she is both an heir of the decedent pursuant to CCP Section 377.60 and the decedent's successor in interest pursuant to CCP Section 377.11.

7.      Plaintiff Jose Armando Gonzalez is the son of the decedent Jose Javier Gonzalez.   As such he is both an heir of the decedent pursuant to CCP Section 377.60 and the decedent's successor in interest pursuant to CCP Section 377.11.

8.      Plaintiffs are informed and believe and based thereon allege that at all relevant times Defendant County of San Bernardino ("County") was a municipality duly organized under the laws of the State of California.  Liability under California law for Defendant County and its employees, including the individually and fictitiously named defendants, is based in whole or in part upon the following statutes, among others: California Government Code §§ 815.2 and 820; Penal Code §§ 149, 240, and/or 242; and/or Civil Code §§ 43, 51, 51.7, 52.1, 1708, and/or 1714.  Liability under federal law for all government-entity employees is based upon 42 U.S.C. § 1983.  Defendant County is also liable under federal law pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 12132.

2

FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

9.      At all relevant times, Defendant Deputies Juan Fries and Fernando Figueroa and Does 3-10 were members of the County of San Bernardino Sheriff's Department ("SBSD"), a departmental branch of Defendant County, (or were otherwise employed as peace officers) and were duly authorized employees of the County, acting under color of law within the course and scope of their respective duties as SBSD peace officers and sheriff's deputies and with the complete authority and ratification of Defendant County.[1]  Defendant Does 9-10 are supervisory employees, and/or managerial supervisorial, and policymaking employees who were acting under color of law within the course and scope of their duties as deputies of the San Bernardino County Sheriff's Department.  They were acting with the complete authority and ratification of their principal, Defendant County.

10.     The true names of Defendant Does 3-10 are unknown to Plaintiffs, who will seek leave to amend this Complaint to show the true names and capacities of these Defendants when they have been ascertained.  Each of the fictitiously named Defendants is responsible for some part of the conduct and liabilities alleged herein.  Each Doe Defendant is being sued in both his individual and official capacities.

11.     Plaintiffs are informed and believe and based thereon allege that each Defendant is, and at all times mentioned was, the agent, employee, representative, successor and/or assignee of each other Defendant.  Each Defendant, in doing the acts, or in omitting to act as alleged in this Complaint, was acting within the scope of his or her actual or apparent authority or the alleged acts and omissions of each Defendant as agent subsequently were ratified and adopted by each other Defendant as principal.

---

[1] At the time Plaintiffs filed their initial complaint, they were unaware of the identities of Defendant Deputies Juan Fries and Fernando Figueroa who were sued as Defendant Does 1 and 2.

FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

12.     All non-municipal, individual defendants are sued in both their individual and official capacities.  All non-municipal, individual defendants acted or failed to act in the face of an obligation to do otherwise, and did so maliciously and/or with reckless disregard for Plaintiffs' rights and thus are liable for compensatory and punitive damages.

13.     Plaintiffs are informed and believe and based thereon allege that in committing the acts alleged in this complaint the individual Defendants acted knowingly, maliciously, and with reckless or callous disregard for the constitutional rights of Plaintiffs and Mr. Gonzalez, justifying an award of punitive damages under federal and California law against each individual Defendant.

14.     Plaintiffs timely filed a government claim with the County of San Bernardino, which was denied on January 13, 2020, and filed this action within six months of the County's denial of their claim.  Accordingly, Plaintiffs have complied with the requirements of the California Government Claims Act.

## STATEMENT OF FACTS

15.     On or about July 16, 2019, at approximately 8:00 p.m., Jose Javier Gonzalez was fatally shot multiple times by SBSD Deputies Juan Fries and Fernando Figueroa.  Mr. Gonzalez was pronounced dead at approximately 12:30 a.m. on July 17, 2019.

16.     Plaintiffs are informed and believe and thereon allege that the use of deadly force against Mr. Gonzalez was unreasonable and excessive in that, at the time he was shot and killed, Mr. Gonzalez was surrounded by law enforcement personnel and did not pose an immediate risk of death or serious injury to anyone. Plaintiffs are further informed and believe and thereon allege that prior to being shot and killed, deputies or other peace officers from the SBSD used bean bags, tasers and/or other so called less lethal weapons against Mr. Gonzalez, which also constituted unreasonable and excessive force. The use of bean bags, tasers and

4

1   other similar weapons on a person who was clearly mentally disabled was

2   unreasonable and improper and caused the situation to escalate.

3       17.    Plaintiffs are informed and believe and thereon allege that employees

4   of the County of San Bernardino used negligent and improper tactics during their

5   interaction with the decedent that were a direct and proximate cause of his death.

6       18.    Plaintiffs are informed and believe that Jose Javier Gonzalez was

7   mentally disabled and/or experiencing a mental health crisis resulting in mental

8   disability on July 16, 2019, and that the officers who responded failed to make

9   reasonable accommodations for his obvious mental disability and used excessive

10  force against him based on his disability.  Plaintiffs are further informed and

11  believe and thereon allege that the SBSD employees on the scene failed to provide

12  prompt medical and/or mental health intervention to Mr. Gonzalez, which was a

13  further proximate cause of his injuries and death.

14      19.    Plaintiffs are informed and believe that the employees involved in the

15  shooting were negligently trained, retained, and/or supervised by the Sheriff and/or

16  other employees of the SBSD and that, consequently, these employees failed to use

17  proper tactics in using force and in responding to a person with mental disabilities.

18                      ***MONELL* ALLEGATIONS**

19      20.    Based upon the principles set forth in *Monell v. New York City*

20  *Department of Social Services*, 436 U.S. 658 (1978), Defendant County is liable

21  for all injuries sustained by Plaintiffs as set forth herein.  Defendant County bears

22  liability because its policies, practices and/or customers were a cause of and

23  moving force for Mr. Gonzalez's death and Plaintiffs' injuries, and/or because

24  Defendant County ratified the unlawful actions of its employees that caused Mr.

25  Gonzalez's death.  The County and its officials maintained or permitted one or

26  more of the following policies, customs or practices which displayed deliberate

27  indifference to the constitutional rights of persons such as Plaintiffs' decedent and

28  were a direct cause of Plaintiffs damages:

FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

a. Failure to provide adequate training and supervision to police officers with respect to constitutional limits on the use of deadly force;

b. Failure to provide adequate training and supervision to police officers with respect to constitutional limits on use of force, arrest, search, and detention – particularly, but not exclusively when interacting with citizens clearly displaying signs of a mental episode, mental disability, mental illness and/or mental instability;

c. Failure to provide adequate training and supervision to police officers with respect to constitutional limits on the use of bean bags, tasers and other so called "less lethal" weapons;

d. Failure to provide adequate training and supervision on how to respond properly to suspects in possession of knives or similar objects;

e. Failure to provide adequate training and supervision on how to deescalate situations involving persons suffering from emotional or mental disturbances and/or persons under the influence;

f. Failure to provide adequate training and supervision on how to identify signs of mental illness or disabilities in suspects and how to respond to such persons without escalating the level of potential violence;

g. Failure to adequately discipline or retrain deputies or employees involved in misconduct;

h. Failure to adequately investigate uses of excessive force and improper conduct by deputies or employees;

i. Selection, retention, and assignation of officers with demonstrable propensities for excessive force, violence, dishonesty, and other misconduct;

j. Condonation and encouragement of deputies and peace officers in the belief that they can violate the rights of persons, such as Plaintiffs or their decedent, with impunity, and that such conduct will not adversely affect

6

1    their opportunities for promotion and other employment benefits; and

2    k.    Ratification by the highest levels of authority of the specific

3          unconstitutional acts alleged in this Complaint and, in particular, the

4          ratification of the unjustified shooting of Mr. Gonzalez.

5    21.    On multiple occasions, the County of San Bernardino has condoned,

6    allowed and/or encouraged the use of excessive force and the violation of the

7    constitutional rights by its deputies, including the use of excessive force against

8    persons with mental disabilities.  The following examples demonstrate the

9    County's official policy, custom and/or practice of condoning the violation of

10   constitutional rights which was a direct cause of Plaintiffs' damages:

11   a.    In *Archibald v. County of San Bernardino*, Case No. 5:2016-cv-01128, a

12         jury found that in November 2015, a SBSD deputy used excessive deadly

13         force against a man displaying symptoms of mental illness and awarded

14         the Plaintiffs $33,000,000 in damages. The County did not discipline the

15         deputy who subsequently used excessive deadly force again when he shot

16         a man who was pulled over for a traffic infraction. The fact that this

17         deputy has engaged in two unjustified shootings and remains employed

18         by the SBSD confirms that the County has adopted an official custom,

19         practice and policy of condoning the use of excessive force by deputies.

20   b.    In *V.R. et al. v. County of San Bernardino*, Case No. 5: 2016-cv-01128,

21         SBSD deputies used excessive force in fatally shooting a mentally

22         disabled man in July 2018. Plaintiffs are informed and believe that the

23         SBSD has not disciplined the deputies, but to the contrary has found that

24         their tactics were within policy.

25   c.    In *Trent v. County of San Bernardino*, Case No. 5:2012-cv-02221, an

26         SBSD deputy used excessive force when he shot Ms. Trent in June 2012,

27         resulting in a substantial settlement. Plaintiffs are informed and believe

28         that the deputy was not disciplined and that his use of force was found to

7

FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  be within policy.

2      d.   In *T.M. v. County of San Bernardino*, Case No. 5:18-cv-2532, an SBSD

3  deputy shot a 5-foot tall mother of three in the back of the head in

4  connection with a misdemeanor warrant in October 2018. Plaintiffs are

5  informed and believe that although the County paid a substantial

6  settlement, the deputy was not disciplined and the shooting was found to

7  have been within SBSD policy.

8      e.   In *M.A. et al. v. County of San Bernardino*, Case No. 20-cv-00567, SBSD

9  deputies used excessive force when they shot and killed a man without

10  justification in July 2019.  Plaintiffs are informed and believe that the

11  deputies involved have not been disciplined and that the shooting was

12  found to be within SBSD policy.

13      f.   In *Gomez v. Peppler*, Case No. 13-cv-02185, the County paid $5,000,000

14  to settle a case in which a SBSD deputy shot an unarmed man in August

15  2011.  Plaintiffs are informed and believe that the deputies involved in

16  the incident were not disciplined and that the shooting was found to be

17  within SBSD policy.

18  **FIRST CLAIM FOR RELIEF**

19  **VIOLATION OF CIVIL RIGHTS: UNREASONABLE USE OF FORCE-**

20  **FOURTH & FOURTEENTH AMENDMENTS (42 U.S.C. § 1983)**

21  **(Against All Defendants**

22  **by Plaintiffs Evelyn Gonzalez and Jose Armando Gonzalez**

23  **in their Capacity as Successors in Interest of Decedent Jose Javier Gonzalez)**

24      22.    Plaintiffs repeat and reallege each and every allegation in preceding

25  paragraphs of this Complaint with the same force and effect as if fully set forth

26  herein.

27      23.    Defendants Juan Fries, Fernando Figueroa and Does 3-8 used

28  excessive force against Mr. Gonzalez including but not limited to resorting to use

8

of force and shooting him.  Defendants Juan Fries, Fernando Figueroa and Does 3-8's unjustified shooting and other uses of force, including shooting him with a bean bag gun or other so called "less lethal" weapons, deprived Mr. Gonzalez of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

24.    The shooting was excessive and unreasonable, especially because Mr. Gonzalez was mentally ill (a fact known and/or reasonably suspected of to the involved officers at the time of the incident) and posed no immediate threat of death or serious bodily injury at the time of the shooting.  Further, Defendants Juan Fries, Fernando Figueroa and Does 3-8's shooting and use of force violated their training and police officer standard training.

25.    The individual Defendants' use of force, including the use of tasers, bean bags and/or, other similar weapons and the use of deadly force, was both excessive and unreasonable under the circumstances.  Defendants' use of excessive force and their unjustified shooting and killing of Mr. Gonzalez deprived him of his rights under the Fourth and Fourteenth Amendments to be free from unreasonable searches and seizures.[2]  Plaintiffs, as Mr. Gonzalez's successors in interest, have the right and standing to assert Mr. Gonzalez's claim for the violation of his Fourth and Fourteenth Amendment rights.  As a result of their conduct, Defendants are liable for Mr. Gonzalez's injuries and death and the resulting damage to Plaintiffs in their capacity as Mr. Gonzalez's successors in interest.  Defendants Juan Fries, Fernando Figueroa and Does 3-8 are liable for Mr. Gonzalez's injuries and death are liable either because they were integral

---

[2] The guarantee against unreasonable searches and seizures contained in the Fourth Amendment has been made applicable to the state and local government by reason of the Due Process Clause of the Fourteenth Amendment.  *See Monroe v Pape*, 365 U.S. 167, 171 (1961).

FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1    participants in the excessive force, including the use of unreasonable deadly force,

2    or because they failed to intervene to prevent these violations.

3        26.    Defendant County is liable pursuant to *Monell* because it maintained,

4    condoned and/or permitted a policy, custom and/or practice of conscious disregard

5    of and reckless indifference to Constitutional rights which was a moving force in

6    the violation of Mr. Gonzalez's rights and/or because it ratified the actions of its

7    employees by finding that their actions leading to the death of Mr. Gonzalez were

8    in conformity with the SBSD's policy and by failing to discipline the involved

9    deputies and employees.

10        27.    Defendants Does 9-10 are liable for their direct actions as supervisors

11    which caused the deprivation of Mr. Gonzalez's constitutional rights.

12        28.    On information and belief, Defendants Juan Fries, Fernando Figueroa

13    and Does 3-8 were not disciplined, reprimanded, retrained, suspended, or

14    otherwise penalized in connection with Mr. Gonzalez's death.

15        29.    On information and belief, County failed to properly and adequately

16    train Defendants Juan Fries, Fernando Figueroa and Does 3-8, including but not

17    limited to, with regard to the use of physical force, less than lethal force, and lethal

18    force; and with regard to the treatment of persons who are suspected of having

19    some type of mental illness.

20        30.    The training policies of Defendant County were not adequate to train

21    its officers to handle the usual and recurring situations with which they must deal,

22    including the use of less than lethal and lethal force, and the treatment of persons

23    who are suspected of having some type of mental illness.

24        31.    Defendant County was deliberately indifferent to the obvious

25    consequences of its failure to train its officers adequately.

26        32.    The failure of Defendant County to provide adequate training caused

27    the deprivation of Plaintiffs' rights by Defendants Juan Fries, Fernando Figueroa

28    and Does 3-8; that is Defendants' failure to train is so closely related to the

1  deprivation of Plaintiffs' rights as to be the moving force that caused the ultimate
2  injury.

3      33.    As alleged herein, Defendant County, maintained, *inter alia*,
4  unconstitutional customs, practices, and policies as set forth herein, including but
5  not limited to:

6          a.  Using excessive force, including excessive deadly force;

7          b.  Providing inadequate training regarding the use of deadly force;

8          c.  Employing and retaining as Deputies and other personnel,
9              including Defendants Juan Fries, Fernando Figueroa and Does 3-8,
10             who the SDSD and its supervisory employees, including Does 9-
11             10, at all times material herein knew or reasonably should have
12             known had dangerous propensities for abusing their authority and
13             for mistreating citizens by failing to follow San Bernardino
14             Sheriff's Department policies and for using excessive force;

15         d.  Inadequate supervising, training, controlling, assigning and
16             disciplining San Bernardino Sheriff's Department deputies and
17             other San Bernardino Sheriff's Department personnel, including
18             Defendants Juan Fries, Fernando Figueroa and Does 3-8, who
19             SBSD, and Does 9-10 each knew, or in the exercise of reasonable
20             care, should have known the aforementioned propensities and
21             character traits;

22         e.  Maintaining grossly inadequate procedures for reporting,
23             supervising, investigating, reviewing, disciplining and controlling
24             misconduct by a San Bernardino County Sheriff's Department
25             deputies, including the individual defendants;

26         f.  Failing to discipline SBSD deputies, including Defendants Juan
27             Fries, Fernando Figueroa and Does 3-8, for the above referenced
28             categories of misconduct including "slaps on wrists", discipline

that is so slight as to be out of proportion to the magnitude of misconduct and other inadequate discipline which is tantamount to encouraging misconduct;

g. Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue curtain," or simple "code of silence," pursuant to which deputies do not report other deputies' errors, misconduct or crimes.  Pursuant to this code of silence, if questioned about an incident of misconduct involving another deputy, while following the code, the deputy being questioned will claim ignorance of the other deputies' wrongdoing;

h. Contending that unjustified shootings, including the shooting of Mr. Gonzalez, are "within policy" and justified or warranted;

i. Maintaining a policy of inaction and an attitude of indifference toward the soaring numbers of police shootings, including failure to discipline, retrain, investigate, terminate and recommend officers for criminal prosecution who participate in unjustified shootings of unarmed people or otherwise engage in the use of excessive force during encounters with citizens;

j. Having and maintaining an unconstitutional practice of using excessive force and covering up police misconduct;

k. Failing to properly train deputies to use nonlethal force and to maintain their skills in the use of their equipment designed to provide alternatives to lethal force; and

l. Having and maintaining an unconstitutional custom and practice of using excessive force when de-escalating tactic could have used especially after observing that Mr. Gonzalez had mental illness. These customs and practices by the SBSD and its supervisors including Does 9-10 were condoned by said defendants in

12

FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1    deliberate indifference to the safety and rights of its civilians,

2    including Mr. Gonzalez and Plaintiffs.

3    34.    As a direct and legal result of Defendants' acts and omissions, , Mr.

4    Gonzalez suffered damages, including, pre-death pain and suffering, loss of his

5    life, loss of enjoyment of life, and loss of earning capacity and loss of his

6    relationship with his children, parents, friends, and family.

7    35.    Plaintiffs are informed and believe and thereon allege that the acts of

8    the Defendants Juan Fries and Fernando Figueroa and Does 3-10 were willful,

9    malicious, intentional, reckless and/or were performed in willful and conscious

10    disregard of Mr. Gonzalez's rights, justifying the awarding of punitive and

11    exemplary damages against the individual Defendants in an amount to be

12    determined at the time of trial.

13    36.    Plaintiffs brings this claim as successors in interest to Mr. Gonzalez,

14    and seek both all damages available under federal law, including survival damages,

15    including pre-death pain and suffering and loss of enjoyment of life and loss of

16    life, for the above-described violations of Mr. Gonzalez's constitutional rights.

17    37.    Plaintiffs seek attorney fees under this claim pursuant to 42 U.S.C.

18    Section 1988.

19    **SECOND CLAIM FOR RELIEF**

20    **VIOLATION OF CIVIL RIGHTS: INTERFERENCE WITH FAMILIAL**

21    **RELATIONSHIP (42 U.S.C. § 1983)**

22    **(Against All Defendants**

23    **by Plaintiffs in Their Individual Capacities)**

24    38.    Plaintiffs repeat and reallege each and every allegation in the

25    preceding paragraphs of this Complaint with the same force and effect as if fully

26    set forth herein.

27    39.    By wrongfully shooting and killing Mr. Gonzalez, Defendants

28    deprived Plaintiffs of their Fourteenth Amendment right of familial relationship

13

1   with Mr. Gonzalez.

2       40.    Plaintiffs allege that the Defendants Juan Fries and Fernando Figueroa

3   and Does 3-10 acted intentionally, recklessly and/or with deliberate indifference in

4   their actions causing the death of Mr. Gonzalez and that they engaged in conduct

5   which shocks the conscience and are therefore individually liable under Section

6   1983.

7       41.    As a result of their conduct, Defendants are liable for Mr. Gonzalez's

8   injuries.  The individual Defendants are liable either because they were integral

9   participants in the interference with the parent-child relationship, or because they

10  failed to intervene to prevent these violations.  As alleged herein, Defendant

11  County is liable pursuant to *Monell* because it maintained, condoned and/or

12  permitted a policy, custom and/or practice of conscious disregard of and reckless

13  indifference to Constitutional rights which was a moving force in the violation of

14  Mr. Gonzalez's rights, and/or because Defendant County ratified the actions of the

15  individual  Defendants by finding that their actions leading to the death of Mr.

16  Gonzalez were in conformity with the SBSD's policy and by failing to discipline

17  the involved officers.  As a result of Defendants' actions, Plaintiffs were deprived

18  of the life-long love, companionship, support, society, care, and sustenance of Mr.

19  Gonzalez, and they will continue to be so deprived for the remainder of their lives.

20      42.    As a direct and legal result of Defendants' acts and omissions,

21  Plaintiffs suffered damages, including, without limitation, emotional distress;

22  funeral and burial expenses and other pecuniary losses; as well as the loss of Mr.

23  Gonzalez's love, affection, society, support and companionship.

24      43.    Plaintiffs are informed and believe and thereon allege that the acts of

25  the Defendants Juan Fries and Fernando Figueroa and Does 3-10 were willful,

26  malicious, intentional, reckless and/or were performed in willful and conscious

27  disregard of Mr. Gonzalez's rights, justifying the awarding of punitive and

28  exemplary damages against the individual Defendants in an amount to be

14

1  determined at the time of trial.

2      44.    Plaintiffs bring this claim in their individual capacity and seek all

3  damages and other remedies available to them under federal law.

4      45.    Plaintiffs seek attorney fees under this claim pursuant to 42 U.S.C.

5  Section 1988.

6  ## THIRD CLAIM FOR RELIEF

7  ## DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION

8  ## OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12132)

9  **(Against All Defendants)**

10      46.    Plaintiffs repeat and reallege each and every allegation in the

11  preceding paragraphs of this Complaint with the same force and effect as if fully

12  set forth herein.

13      47.    At and around the time of the shooting, Jose Javier Gonzalez was

14  suffering from a "disability" within the meaning and scope of 42 U.S.C. § 12102,

15  as his mental illness and/or mental health crisis substantially limited his ability to

16  participate and engage in major life activities.  Accordingly, Mr. Gonzalez was a

17  member of the class of persons protected by 42 U.S.C. § 12132, which makes it

18  unlawful for a public entity to discriminate against an individual with a disability

19  or to deny the benefits of the services, programs or activities of a public entity to a

20  person with a disability.

21      48.    Defendant County of San Bernardino is a public entity within the

22  meaning of 42 U.S.C. § 12131.  Accordingly, the County is required to "make

23  reasonable modifications in policies, practices, or procedures when the

24  modifications are necessary to avoid discrimination on the basis of disability."  28

25  C.F.R. § 35.130(b)(7).

26      49.    As alleged herein, Defendants Juan Fries and Fernando Figueroa and

27  Does 3-10, acting in the course and scope of their employment as peace officers

28  and deputies for the County, discriminated against Mr. Gonzalez by, among other

things, their failure to provide reasonable accommodations for his disability during their encounter with Mr. Gonzalez on July 16, 2019.  Defendant County is vicariously liable for the acts and omissions of its employees, including Defendants Juan Fries and Fernando Figueroa and Does 3-10.

50.    Plaintiffs are informed and believe and thereon allege that the defendant deputies either knew or should have known that Mr. Gonzalez was suffering from a mental disability or acted with deliberate indifference to the fact that Mr. Gonzalez appeared to be suffering from a mental disability.

51.    As providers of governmental services, Defendant County had a duty to comply with the Title II of the ADA prohibiting discrimination against persons with disabilities, a history of having disabilities or who are perceived to have a disability.  As of the date of his death, Mr. Gonzalez met all three prongs of eligibility for application of the ADA.

52.    Moreover, Defendant County failed to train, supervise, and/or discipline its employees and deputies in recognizing symptoms of disability under Title II of the Americans with Disabilities Act, thereby excluding qualified individuals, such as Mr. Gonzalez, from participating in or denying benefits and services provided by Defendant County, including peace officers' interactions with and arrests of persons; or otherwise discriminating against such qualified individuals with symptoms of disability recognized under Title II of the Americans with Disabilities Act, resulting in the untimely death of Mr. Gonzalez.

53.    At the time of the incident, Defendants Juan Fries and Fernando Figueroa and Does 3-10, as SBSD employees, knew or should have known Mr. Gonzalez was experiencing a mental health crisis resulting in disability or acted with deliberate indifference regarding his mental condition.  Further, the deputies involved in this incident were aware, or should have been aware, of Mr. Gonzalez's disability and the symptoms and manifestations of his disability, and yet they improperly engaged with Mr. Gonzalez, further exacerbating his mental

1   health crisis and creating an unnecessary altercation with Mr. Gonzalez.  In

2   addition, these employees of the SBSD failed to provide reasonable

3   accommodations during their encounter with Mr. Gonzalez by failing to: establish

4   and/or utilize inter-departmental protocols when evaluating whether he, as a mental

5   health suspect, was a danger to himself or others; follow inter-departmental and

6   industry-wide accepted protocols when encountering mentally unstable suspects;

7   and utilize inter-departmental protocols that were specifically created to inform

8   officers how to handle encounters with mentally-ill persons.  Plaintiffs are

9   informed and believe and thereon allege that the failure to provide such

10  accommodations for Mr. Gonzalez's mental disability was a direct cause of

11  Plaintiffs' damages.

12       54.    The aforementioned conduct of these SBSD employees, in failing to

13  make reasonable accommodations for Mr. Gonzalez, denied him the benefits of

14  Defendant County's programs and activities, and/or discriminated against Mr.

15  Gonzalez by reason of his recognized disability.

16       55.    Plaintiffs are informed and believe and thereon allege that the SBSD

17  has consistently failed to provide reasonable accommodations to persons suffering

18  from mental disabilities and has discriminated against such persons by denying

19  them the full benefits of County programs and activities.  The conduct of the SBSD

20  towards Ms. Gonzalez, who was clearly suffering from a mental disability, is

21  consistent with the SBSD's conduct on other occasions in which excessive force

22  was used against persons with mental disabilities, including the *Archibald* and *V.R.*

23  cases mentioned above. Under the ADA, the SBSD is required to take reasonable

24  steps to accommodate persons with mental disabilities, including using tactics to

25  de-escalate situations. However, the SBSD and the named defendants violated the

26  ADA in their excessive and unreasonable actions towards Mr. Gonzalez.

27       56.    As a direct and proximate result of the Defendants' violations as set

28  forth above, Mr. Gonzalez incurred substantial emotional and physical harm

FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

57.     By the aforesaid acts and omissions of Defendants, Plaintiffs, individually and/or as the decedent's successors in interest, have been directly and legally caused to suffer actual damages in the amount of past, present and/or future wage loss, income and support, medical expenses, pain and suffering, emotional distress, loss of life and the enjoyment of life, and other pecuniary loss.

58.     As a result of Defendants' conduct as alleged herein, Plaintiffs are entitled to compensatory and reasonable attorneys' fees, as well as all statutory damages provided for by the Americans with Disabilities Act.

## FOURTH CLAIM FOR RELIEF

## DENIAL OF MEDICAL CARE (42 U.S.C. § 1983)

### (Against All Defendants)

59.     Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

60.     Plaintiffs are informed and believe and thereon allege that after Mr. Gonzalez was shot, SBSD employees on the scene, including the defendant deputies and/or Doe Defendants, failed to provide and/or summon or allow immediate medical care for Mr. Gonzalez which could have saved his life.  The denial of medical care deprived Mr. Gonzalez of his right to be secure in his person against unreasonable searches and seizures as guaranteed under the Fourth Amendment to the United States Constitution and as well as his rights under the Fourteenth Amendment.

61.     As a direct and legal result of Defendants' acts and omissions, Mr. Gonzalez suffered damages, including, pre-death pain and suffering, loss of his life, loss of enjoyment of life, loss of earning capacity, and loss of his relationships with his children, parents, friends, and family.

62.     Plaintiffs are informed and believe and thereon allege that the acts of the Defendants Juan Fries and Fernando Figueroa and Does 3-10 were willful,

FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  malicious, intentional, reckless and/or were done in willful and conscious disregard
2  of Mr. Gonzalez's rights, justifying the awarding of punitive and exemplary
3  damages against the individual Defendants in an amount to be determined at the
4  time of trial.

5       63.    Plaintiffs bring this claim as successors in interest to Mr. Gonzalez,
6  and seek both all damages available under federal law, including survival damages,
7  including pre-death pain and suffering and loss of enjoyment of life and loss of
8  life, for the above-described violations of Mr. Gonzalez's constitutional rights.

9       64.    Plaintiffs seek attorney fees under this claim pursuant to 42 U.S.C.
10  Section 1988.

11                  **FIFTH CLAIM FOR RELIEF**
12          **WRONGFUL DEATH (Cal. Code Civ. Proc. § 377.60)**
13     **(Against All Defendants by Plaintiffs in Their Individual Capacities)**

14      65.    Plaintiffs repeat and reallege each and every allegation in the
15  preceding paragraphs of this Complaint with the same force and effect as if fully
16  set forth herein.

17      66.    As the heirs of the decedent, Plaintiffs assert a wrongful death action
18  against Defendants County of San Bernardino Juan Fries and Fernando Figueroa
19  and Does 3-10 pursuant to CCP §§ 377.60 *et seq*. This claim is based upon the
20  allegations that Defendants' negligent and wrongful acts and omissions, as alleged
21  herein, were a direct and legal cause of Mr. Gonzalez's death and the resulting
22  damages to Plaintiffs as alleged below in Count 1 (battery) and Count 2
23  (negligence).

24      67.    As alleged herein, Plaintiffs are Mr. Gonzalez's heirs and have
25  standing to sue for his wrongful death under CCP Section 377.60.

26      68.    Jose Armando Gonzalez, who is the decedent's son and heir, is being
27  named as a nominal defendant for this wrongful death cause of action as Plaintiffs
28  have not obtained his consent to join this action at the present time.

69.     As a direct and legal result of Defendants' acts and omissions as alleged herein, Plaintiffs suffered damages and are entitled to just compensation for said damages pursuant to CCP § 377.61, including, without limitation, damages for  funeral and burial expenses and other pecuniary losses; and damages for the loss of Mr. Gonzalez's love, affection, support, society, and companionship.

70.     Plaintiffs are informed and believe and thereon allege that the aforementioned acts of the individual Defendants, and each of them, were willful, malicious, intentional, oppressive and despicable and/or were done in willful and conscious disregard of the rights, welfare and safety of Plaintiffs and/or Mr. Gonzalez, thereby justifying the awarding of punitive and exemplary damages against the individual (non-government entity) defendants in an amount to be determined at time of trial.

### Wrongful Death, Count 1: Battery

71.     Juan Fries and Fernando Figueroa and/or other employees of the SBSD, while acting within the course and scope of their employment and duties, intentionally used excessive force against Mr. Gonzalez, including bean bags, tasers and/or similar weapons and deadly force.  The use of tasers, bean bags and deadly force (shooting) were unreasonable uses of force against Mr. Gonzalez, to which he did not consent, and constituted a battery against him.

72.     Defendants Juan Fries and Fernando Figueroa and others who committed battery against Mr. Gonzalez are liable to Plaintiffs pursuant to Government Code Section 820 and CCP Section 377.60, among other statutes. Moreover, Defendant County is liable to Plaintiffs pursuant to Government Code Section 815.2 and CCP Section 377.60, among other statutes, for the acts of its employees in committing battery against Mr. Gonzalez.

///

///

///

FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**Wrongful Death, Count 2: Negligence**

**(including negligent training and supervision)**

73.    Defendants owed a duty of care to Plaintiffs and Mr. Gonzalez, and were required to use reasonable diligence to ensure that Plaintiffs and Mr. Gonzalez were not harmed by Defendants' acts or omissions.  Defendants' actions and omissions were negligent and reckless, including but not limited to:

a.  Defendants' failure to properly assess the need to use force, including tasers, bean bags, and/or deadly force against Mr. Gonzalez;

b.  Defendants' failure to prevent the use of unreasonable force, including deadly force, against Mr. Gonzalez;

c.  Defendants' negligent pre-shooting tactics, negligent tactics related to the use of force, and negligent handling of the situation with Mr. Gonzalez, including conduct that falls below the professional standard of care for peace officer interactions with mentally ill and/or disabled persons, which unnecessarily escalated the situation and caused the death of Mr. Gonzalez;

d.  Defendants' negligent and/or unreasonable uses of force, including tasers, bean bags, and deadly force, against Mr. Gonzalez;

e.  Defendants' failure to provide and/or summon immediate medical care for Mr. Gonzalez;

f.  The failure of supervisory employees of the County Sheriff's Department, to properly train, supervise and discipline employees, including Defendants Juan Fries and Fernando Figueroa and Does 3-10, regarding the use of force, pre-shooting tactics, encounters with mentally disabled persons, recognizing persons with mental illness, and responding to suspects with knives; and

///

///

21

FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

    g.  The negligent hiring, retention and assignment of the SBSD deputies and peace officers, including the employees involved in this incident, by supervisory employees of Defendant County including the Sheriff.

74.    Juan Fries and Fernando Figueroa and/or other employees of the SBSD, while acting within the course and scope of their employment and duties, failed to use proper pre-shooting and use of force-related police tactics in dealing with Mr. Gonzalez.  Consequently, Plaintiffs allege that their negligent acts and omissions were a direct cause of Mr. Gonzalez's death.

75.    Defendants Juan Fries and Fernando Figueroa and others whose negligent acts and omissions were a proximate cause of Mr. Gonzalez's death are liable to Plaintiffs pursuant to Government Code Section 820 and CCP Section 377.60, among other statutes.  Moreover, Defendant County is liable to Plaintiffs pursuant to Government Code Section 815.2 and CCP Section 377.60, among other statutes, for the negligent acts and omissions of its employees, which were a direct and proximate cause of Mr. Gonzalez's death.

76.    Further, Defendant County is also vicariously liable for the acts and omissions of its supervisory employees based on their negligent failure to properly train and supervise the employees involved in this incident as alleged herein pursuant to California Government Code Section 815.2 and other statutes.

## SIXTH CLAIM FOR RELIEF

## BANE ACT (Cal. Civ. Code § 52.1)

### (Against All Defendants)

77.    Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

78.    As alleged herein, Defendants intentionally interfered by threats, intimidation, and/or coercion with Mr. Gonzalez's exercise and enjoyment of rights under federal and state law and under the federal and state constitutions

(including, without limitation, Amendment 4 of the U.S. Constitution; California Civil Code Section 43 and Penal Code Sections 149, 240, and 242; and Article I, Sections 1, 2, 7, 13, and 17 of the California Constitution), including, without limitation, the right to be free from any violence, the right to bodily integrity, the right of protection from bodily restraint or harm and harm to personal relations, the right to adequate medical care, the right to be free from excessive force by police, and the right be free from unreasonable searches and seizures and the right to due process.  Defendants acted intentionally and with reckless disregard for the rights of Mr. Gonzalez.

79.    As a direct and legal result of Defendants' acts and omissions, Plaintiffs, as Mr. Gonzalez' successors in interest and/or heirs, suffered damages and therefore seek all damages, including actual, compensatory and statutory damages, which are recoverable pursuant to Civil Code Section 52.1 and any other applicable statutes.

80.    Plaintiffs are informed and believe and thereon allege that the aforementioned acts of the individual Defendants, and each of them, were willful, malicious, intentional, oppressive and despicable and/or were done in willful and conscious disregard of the rights, welfare and safety of Plaintiffs and/or Mr. Gonzalez, thereby justifying the awarding of punitive and exemplary damages against the individual (non-government entity) defendants in an amount to be determined at time of trial.

81.    Plaintiffs seek an award of reasonable attorneys' fees pursuant to Civil Code Section 52.1.

///

///

///

///

///

23

1

## SEVENTH CLAIM FOR RELIEF

2

## BATTERY

3

**(Against Defendants except Jose Armando Gonzalez**

4

**by Plaintiffs Evelyn Gonzalez and Jose Armando Gonzalez in Their Capacity**

5

**as Successors in Interest of Decedent Jose Javier Gonzalez)**

6      82.     Plaintiffs repeat and reallege each and every allegation in in the

7  preceding paragraphs, of this Complaint with the same force and effect as if fully

8  set forth herein.

9      83.     Defendants Juan Fries and Fernando Figueroa and/or other employees

10 of the SBSD, while acting within the course and scope of their employment and

11 duties, intentionally used excessive force against Mr. Gonzalez, including the use

12 of tasers, bean bags and deadly force.  The use of tasers, bean bags and deadly

13 force (shooting) were an unreasonable use of force against Mr. Gonzalez, to which

14 he did not consent, and constituted a battery against him.

15     84.     The Defendants, including Juan Fries and Fernando Figueroa, who

16 committed battery against Mr. Gonzalez are liable to Plaintiffs pursuant to

17 Government Code Section 820 and CCP Sections 377.20 and 377.60, among other

18 statutes.  Moreover, Defendant County is liable to Plaintiffs pursuant to

19 Government Code Section 815.2 and CCP Sections 377.20 377.60, among other

20 statutes, for the acts of its employees in committing battery against Mr. Gonzalez.[3]

21     85.     Plaintiffs are informed and believe and thereon allege that the

22 aforementioned acts of the individual Defendants, and each of them, were willful,

23 malicious, intentional, oppressive and despicable and/or were done in willful and

24 conscious disregard of the rights, welfare and safety of Plaintiffs and/or Mr.

25 Gonzalez, thereby justifying the awarding of punitive and exemplary damages

26 against the individual (non-government entity) Defendants in an amount to be

27

28

---

[3] Plaintiffs bring the battery claim as both a survival claim (Seventh Claim for
Relief) and as a wrongful death claim (Fifth Claim for Relief, Count I).

FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

determined at time of trial.

## EIGHTH CLAIM FOR RELIEF

## NEGLIGENCE

### (Against All Defendants

**By Plaintiffs Evelyn Gonzalez and Jose Armando Gonzalez in Their**

**Capacity as Successors in Interest of Decedent Jose Javier Gonzalez)**

86.    Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

87.    Defendants owed a duty of care to Plaintiffs and Mr. Gonzalez, and were required to use reasonable diligence to ensure that Plaintiffs and Mr. Gonzalez were not harmed by Defendants' acts or omissions.  Defendants' actions and omissions were negligent and reckless, including but not limited to:

a.  Defendants' failure to properly assess the need to use force, including tasers, bean bags and/or deadly force against Mr. Gonzalez;

b.  Defendants' failure to prevent the use of unreasonable force, including deadly force, against Mr. Gonzalez;

c.  Defendants' negligent pre-shooting tactics, negligent tactics related to the use of force, and negligent handling of the situation with Mr. Gonzalez, including conduct that falls below the professional standard of care for peace officer interactions with mentally ill and/or disabled persons, which unnecessarily escalated the situation and caused the death of Mr. Gonzalez;

d.  Defendants' negligent and/or unreasonable uses of force, including bean bags, tasers and deadly force, against Mr. Gonzalez;

e.  Defendants' failure to provide and/or summon immediate medical care for Mr. Gonzalez;

FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

f.  The failure of supervisory employees of the County Sheriff's Department, to properly train, supervise and discipline employees, including Defendants Juan Fries and Fernando Figueroa and Does 3-10, regarding the use of force, pre-shooting tactics, encounters with mentally disabled persons, recognizing persons with mental illness, and responding to suspects with knives; and

g.  The negligent hiring, retention and assignment of the SBSD deputies and peace officers, including the employees involved in this incident, by supervisory employees of Defendant County including the Sheriff.

88.  Employees of the SBSD, including Juan Fries and Fernando Figueroa, while acting within the course and scope of their employment and duties, failed to use proper pre-shooting and use of force-related police tactics in dealing with Mr. Gonzalez.  Consequently, Plaintiffs allege that their negligent acts and omissions were a direct cause of Mr. Gonzalez's death.

89.  The Defendants whose negligent acts and omissions were a proximate cause of Mr. Gonzalez's death are liable pursuant to Government Code Section 820 among other statutes.  Moreover, Defendant County is liable pursuant to Government Code Section 815.2, among other statutes, for the negligent acts and omissions of its employees, which were a direct and proximate cause of Mr. Gonzalez's death.[4]

90.  Further, Defendant County is also vicariously liable for the acts and omissions of its supervisory employees based on their negligent failure to properly train and supervise the employees involved in this incident as alleged herein pursuant to Government Code Section 815.2 and other statutes.

///

///

---

[4] Plaintiffs bring the negligence claim as both a survival claim (Eight Claim for Relief) and as a wrongful death claim (Fifth Claim for Relief, Count II).

FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants as follows:

a.  For compensatory damages, including both survival damages (including pre-death pain and suffering, loss of life and loss of enjoyment of life) and wrongful death damages under federal and state law (including all damages and penalties available pursuant to Civil Code Section 52.1), reasonable costs of suit, and interest, in an amount to be determined at trial;

b.  For punitive damages against the individual (non-government entity) Defendants in an amount to be proven at trial;

c.  For all statutory and compensatory damages provided for by the Americans with Disabilities Act and interest thereon;

d.  For attorneys' fees including attorneys' fees pursuant to 42 U.S.C. Section 12205 for the ADA claims, 42 U.S.C. Section 1988 for the federal constitutional claims under 42 U.S.C. Section 1983, Civil Code Section 52.1 for the Bane Act claim; and Code of Civil Procedure Section 1021.5 for the other state law claims; and

e.  For such further relief as the Court may deem just, proper, and appropriate.

DATED: November 23, 2020        **SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES LLP**

**LAW OFFICES OF DALE K. GALIPO**

By___*/s/ Michael D. Seplow*___
        Michael D. Seplow
        Aidan C. McGlaze
        Kristina A. Harootun
        *Attorneys for Plaintiffs.*

27

FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby respectfully demand that a trial by jury be conducted with respect to all issues presented herein.

DATED: November 23, 2020    **SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES LLP**

**LAW OFFICES OF DALE K. GALIPO**

By    */s/ Michael D. Seplow*
      Michael D. Seplow
      Aidan C. McGlaze
      Kristina A. Harootun
      *Attorneys for Plaintiffs.*

28

FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL